http://www.va.gov/vetapp16/Files2/1617325.txt

Citation Nr: 1617325 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 13-24 717 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Roanoke, Virginia

THE ISSUES

1. Entitlement to service connection for post-traumatic stress disorder (PTSD).

2. Entitlement to a temporary total rating under 38 U.S.C.A. § 4 .29 based on a period of hospitalization from October 3, 2011 to November 16, 2011.

REPRESENTATION

Veteran represented by: Virginia Department of Veterans Services

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Suzie Gaston, Counsel

INTRODUCTION

The Veteran served on active duty from July 1980 to July 1983. 

This matter comes before the Board of Veterans' Appeals (hereinafter Board) on appeal from a July 2012 rating decision, by the St. Petersburg, Florida, Regional Office (RO), which denied the Veteran's claims of entitlement to service connection for PTSD and entitlement to a temporary total rating under 38 U.S.C.A. § 4 .29 based on a period of hospitalization from October 3, 2011 to November 16, 2011. She perfected a timely appeal of that decision. 

In May 2015, the Board remanded the case to the RO in order to afford the Veteran an opportunity to testify at a hearing before the Board. On December 9, 2015, the Veteran testified at a hearing before the undersigned. 

The issue of entitlement to a temporary total rating under the provisions of 38 C.F.R. § 4.29 (2015) is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, D.C. 

FINDINGS OF FACT

1. The Veteran has diagnosed PTSD. 

2. The relevant and probative evidence of record is in relative equipoise that the Veteran has PTSD due to events experienced during active military service. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for a grant of service connection for PTSD have been met. 38 U.S.C.A. §§ 1131, 1154, 5103, 5103A, 5107 (West 2015); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304(f) (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist.

The Veterans Claims Assistance Act of 2000 (VCAA) enhanced VA's duty to notify and assist claimants in substantiating their claims for VA benefits, as codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2015); 38 C.F.R. §§ 3.159, 3.326(a) (2015). Due to the complete grant of benefits in this decision, no further discussion of VA's duty to notify and duty to assist is necessary. 

The record reflects that the Veteran served on active duty from July 1980 to July 1983. Her DD Form 214 reflects that she served in food service, and was awarded the Army Service Ribbon, and the Overseas Service Ribbon. The service treatment records (STRs), including the June 1980 enlistment examination as well as the May 1983 separation examination, are negative for any complaints, findings or diagnoses of a psychiatric disorder, to include PTSD. 

The Veteran's claim for service connection for PTSD due to personal assault (VA form 21-526b) was received in April 2011. In a statement in support of the claim, dated in April 2011, the Veteran reported that a sergeant made several unwanted sexual advances towards her and that when she asked him to stop touching her, he threatened to have her kicked out of the military. She testified she was afraid to tell the company commander what the sergeant had done because she did not think that he would believe her and was afraid that the sergeant would physically harm her. 

Received in August 2011 was a statement from the Veteran's sister, R. C. indicating that she witnessed a serious change in the Veteran while she was on active duty in the Army and since her discharge from service. R. C. noted that the Veteran was excited about joining the military and getting the opportunity to serve her country; however, while she was in basic training, she called home and told her that she was being sexually harassed by her drill sergeant. R. C. stated that she advised the Veteran to report the sergeant, but she expressed fear of being physically harmed. R. C. noted that her sister (the Veteran) because depressed, angry, sad, and eventually turned to substance abuse to hide the pain that she was feeling. R. C. stated that the Veteran is still suffering from the residuals of the problems she faced in service. 

Also submitted in support of the Veteran's claim were VA progress notes dated from August 2011 to November 2011. These records show that the Veteran underwent a PTSD psychosocial assessment in August 2011. At that time, it was noted that the Veteran experienced military sexual trauma and was being evaluated for participation in the VAMC's inpatient PTSD program. The Veteran indicated that, as a child, her mother lived with R. P. who was severely physically, sexually and emotionally abusive to the family. The Veteran also reported being sexually harassed in basic training and at Fort Bliss, Texas. The veteran indicated that she re-experiences her traumatic experiences on a daily basis. She reported that the most difficult issues for her at this time were nightmares, flashbacks and intrusive thoughts. She also reported that her struggle to remain sober was paramount for her. She reported that her anger, paranoia, self-sabotage/self-abuse process and sleep disturbance were also very problematic at this time. The examiner noted that the Veteran presented with severe PTSD symptoms from both adult trauma as well as severe childhood abuse. She also presented with significant depressive disorder. The examiner stated that he did not witness evidence of borderline personality disorder during the interview, nor did he see evidence of neurotic disorder NOS. 
The above records also reflect that the Veteran was admitted to a hospital in October 2011 for participation in a PTSD inpatient treatment program. The hospital report noted that the Veteran reported being sexually harassed in basic training at Fort Bliss, Texas and in Frankfurt, Germany. She stated that she was given an Article 15 in basic training by a sergeant after he sexually harassed her and she repeatedly advised him that she was not interested and eventually "cursed him out." The Veteran also reported experiencing emotional, physical and sexual abuse as a child. A mental health note indicates that the Veteran's problems included ineffective individual coping related to residual effects of traumatic military experiences, evidenced by nightmares, flashbacks, anger, depression, anxiety, intrusive thoughts, insomnia, isolation, emotional numbing, low self-esteem, feelings of guilt, and ineffective communication. The discharge summary, dated in November 2011, reflects a diagnosis of PTSD. 

Of record is a mental health note, dated in June 2012, indicating that the Veteran had a past psychiatric history of borderline personality disorder, alcohol and crack cocaine dependence and major depressive disorder. She was currently in the in the 28 day program. Following a mental status examination, she was diagnosed with polysusbstance dependence, major depressive disorder, recurrent, and generalized anxiety disorder. 

Received in February 2013 was a medical statement from a psychologist at the VA medical center (VAMC) in Salem, Virginia, dated in February 2013, indicating that the Veteran had been enrolled in the Center for Traumatic Stress for dialectical behavior therapy services since December 2012. Of record is the report of a group therapy session, dated in February 2013, which reflects diagnoses of PTSD and borderline personality disorder. 

In December 2014, the Veteran's file was referred to a VA examiner for review and opinion regarding the etiology of the Veteran's PTSD. The examiner concluded that, as he was unable to identify any markers in the Veteran's claims file to support the occurrence of a military sexual assault and as the symptoms reported by the Veteran are as consistent with the occurrence of the Veteran's myriad, severe childhood traumas as with the occurrence of any alleged sexual harassment experienced by the Veteran in the military, it was less likely than not that the Veteran's diagnosed PTSD was incurred in or caused by the alleged sexual harassment experienced while in service. The examiner further stated that, due to the absence of markers as evidence that the MST may have occurred, and how it might have adversely impacted her health and performance above and beyond any difficulties she might have had as a result of her childhood traumas, he could not, without resorting to undue speculation, definitively conclude that the Veteran's clinically diagnosed PTSD was a result of MST. 

Service connection is warranted for a disability "resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty." 38 U.S.C. § 1131. 
Service connection for PTSD requires medical evidence establishing a diagnosis of the disorder, credible supporting evidence that the claimed in-service stressor(s) actually occurred, and a link, established by medical evidence, between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f). 

With respect to personal assaults, 38 C.F.R. § 3.304(f) was amended in March 2002, to add the following: If a PTSD claim is based on in-service personal assault, evidence from sources other than the veteran's service records may corroborate the veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. VA will not deny a PTSD claim that is based on in-service personal assault without first advising the claimant that evidence from sources other than the veteran's service records or evidence of behavior changes may constitute credible supporting evidence of the stressor and allowing him or her the opportunity to furnish this type of evidence or advise VA of potential sources of such evidence. VA may submit any evidence that it receives to an appropriate medical or mental health professional for an opinion as to whether it indicates that a personal assault occurred. 38 C.F.R. § 3.304(f) (3). 

The Veteran can attest to factual matters of which he has first-hand knowledge, such as experiencing pain in service, reporting to sick call, being placed on limited duty, and undergoing physical therapy. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one that exists because of an approximate balance of positive and negative evidence that does not satisfactorily prove or disprove the claim. It is a substantial doubt and one within the range of probability as distinguished from pure speculation or remote possibility. 38 C.F.R. § 3.102. 

Resolving reasonable doubt in favor of the Veteran, the Board finds that the evidence of record meets all the elements for an award of service connection for PTSD. The record contains competent medical evidence that the Veteran has a current diagnosis of PTSD. The record clearly reflects that the Veteran has been in receipt of treatment for PTSD for several years. In terms of her in-service stressor, the Board finds that the independent evidence she has submitted is sufficient to corroborate the personal assaults that she reported. The Veteran has presented credible testimony with respect to the assaults that she experienced in service, and has submitted lay statements to corroborate her contentions. In particular, her sister attested to the fact that the Veteran confided in her that she had been assaulted, and the sister also attested to the fact that she noticing a change in the Veteran's behavior following the incidents and after her discharge from service. 

As to the relationship between the Veteran's PTSD and the events of her military service, there is conflicting evidence of record. On the one hand, the December 2014 VA examining psychologist opined that the Veteran's PTSD is secondary to her history of childhood abuse. However, the examiner also stated that the symptoms reported by the Veteran are as consistent with the occurrence of the Veteran's myriad, severe childhood traumas as with the occurrence of any alleged sexual harassment experienced by the Veteran in the military. When viewed in the light most favorable to the Veteran, this VA examiner's rationale for the opinion provided appears to support a finding that the Veteran's current PTSD is as likely due to the in-service stressors as to her pre-service trauma. Given the foregoing, the Board finds that the evidence is at least in equipoise as to whether the Veteran has PTSD that is related to traumatic experiences in service. Under such circumstances, the benefit of the doubt is awarded to the Veteran. 38 U.S.C.A. § 5107(b). Accordingly, the Board resolves reasonable doubt in the veteran's favor and finds that the evidence supports a grant of entitlement to service connection for PTSD. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

ORDER

Service connection for PTSD is granted. 

REMAND

After examining the record, the Board concludes that further assistance to the Veteran is required in order to comply with the duty to assist as mandated by 38 U.S.C.A. § 5103A. 

The Veteran's claim for a temporary total rating under 38 C.F.R. § 4.29 was also denied by the appealed July 2012 rating decision on the basis that she was not service-connected for PTSD. Thus, the merits of the underlying claim were not reached by the RO. Service connection for PTSD has been granted in the instant Board decision. Accordingly, a remand is required to allow the RO/AMC to consider this claim on its merits. 

Accordingly, the case is REMANDED for the following action: 

The RO/AMC must consider the Veteran's claim for a temporary total rating under the provisions of 38 C.F.R. § 4.29 on its merits in light of the threshold requirement now having been met (service connection established for PTSD). If this benefit sought on appeal is not granted to the Veteran's satisfaction, furnish her and her representative an SSOC, and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

 This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010). 

____________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs